IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN WAYNE MERRING,      :
                             :
    Petitioner               :
                             :   CIVIL NO. 1:10-CV-0649
                             :
    v.                       :   Hon. John E. Jones III
                             :
                             :
JANINE DONATE, *et al.*,     :
                             :
    Respondents              :

## **MEMORANDUM**

April 29, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Benjamin Wayne Merring ("Petitioner" or "Merring") initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition"). (Doc. 1.) At the time of filing, Merring was confined in the Lackawanna County Prison. A search for Merring on the VINELink website, which provides the custody status of inmates in the custody of Pennsylvania correctional facilities through Pennsylvania's automated victim notification system, PA SAVIN, reveals no results, and thus, it appears that, as of the date of this Memorandum, Merring is not confined in any

institution in Pennsylvania.[1]

Merring challenges his 2008 conviction in the Lackawanna County Court of Common Pleas of Fleeing or Attempting to Elude a Police Officer, a second degree misdemeanor, as well as the summary offenses of Driving an Unregistered Vehicle, Driving While Operating Privilege is Suspended or Revoked, Failure to Use the Safety Belt System, and Operating a Vehicle Without a Valid Inspection.  (*See Commonwealth of Pennsylvania v. Benjamin W. Merring*, Docket No. CP-35-CR-0002721-2007.[2])  He was sentenced on September 17, 2008 on the second degree misdemeanor offense to a sentence of three (3) to twenty-four (4) months, with the first three months to be served in prison, the next three (3) months to be served on house arrest, and the remaining eighteen (18) months to be served on probation.  (Doc. 6, Respondents' Memorandum of Law, at 1.)  As to the summary offenses, the judge imposed fines in varying amounts.  (*Id.*)

Although Merring characterized the instant Petition as one seeking a "common law writ of habeas corpus," because he alleged that he was in custody in violation of the Constitution pursuant to a state court conviction, we construed the Petition as one

---

[1] *See* VINELink, Pennsylvania SAVIN, available at https://www.vinelink.com/vinelink/initSearchForm.do?searchType=offender&siteId=39000.

[2] *See* Pennsylvania's Unified Judicial System Webportal, Common Pleas Courts Docket Sheets, available at http://ujsportal.pacourts.us/DocketSheets/CP.aspx

filed under the provisions of 28 U.S.C. § 2254(a).  (*See* Doc. 3.)

Merring filed two (2) previous petitions for writ of habeas corpus challenging his 2008 conviction.  His first Petition, which was filed on October 16, 2008 while his direct appeal from his judgment of sentence was pending, was dismissed without prejudice by Memorandum and Order dated November 7, 2008 for failure to exhaust state court remedies.  (*See Merring v. Donate*, Civil No. 4:08-CV-1903.)  Merring filed his second petition for writ of habeas corpus on October 26, 2009.  (*See Merring v. Donate*, Civil No. 4:09-CV-2070, Docs. 1, 10.)  By Order entered on December 17, 2009, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (requiring district courts to provide notice to pro se habeas petitioners of the implications of 28 U.S.C. § 2244(b) before ruling on their petitions), we issued a formal notice to Merring that he either could have his petition ruled on as filed, or withdraw it and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (*Id.*, Doc. 4.)  The Order instructed Merring to file his Notice of Election indicating his choice within forty-five (45) days from the date of the Order, and further instructed that, if Merring elected to withdraw his petition, but his notice of election was not accompanied by the new petition, the case would be closed.  (*Id.*)

3

On December 30, 2009, the December 17 Order was returned in the mail with a notation indicating that Merring no longer was confined at the Lackawanna County Prison. (*Id.*, Doc. 5.) He subsequently was located at the State Correctional Institution at Camp Hill, and thus, on January 4, 2010, the December 17 Order was re-mailed to Merring at that institution. On February 12, 2010, Merring filed a Motion requesting a sixty (60) day extension of time to file his Notice of Election. (*Id.*, Doc. 6.) By Order dated February 17, 2010, the Motion was granted, and Merring was directed to file his Notice of Election within thirty (30) days. (*Id.*, Doc. 7.)

On February 24, 2010, the Court received notification from Merring that his address had changed back to the Lackawanna County Prison. (*Id.*, Doc. 8.) Because it was unclear whether Merring had received the Court's Order granting him an extension of time to file his Notice of Election, by Order dated February 25, 2010, which was mailed to Merring at the Lackawanna County Prison, he was directed to file his Notice of Election on or before March 29, 2010. (*Id.*, Doc. 9.)

On March 24, 2010, Merring filed his Notice of Election. (*Id.*, Doc. 10.) Although he indicated in his Notice that he elected to withdraw his petition and would file a new petition on the same day, the new petition did not accompany his notice of election, and therefore, in accordance with the provision in our December 17, 2009 Order explaining that if the new petition did not accompany the Notice of Election,

4

the case would be dismissed, that action was dismissed on March 25, 2010. (*Id.*, Docs. 11, 12.)

The instant Petition is dated March 24, 2010, and Merring verifies on the last page that his Petition was hand delivered to the Clerk of Court on that date. (*See* Doc. 1 at 18.) Because Merring already was given the notice required by *Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason*, 208 F.3d 414 (3d Cir. 2000) in his previously filed action, and he indicated at the outset of the instant Petition that it is his "revised all-inclusive" petition (*see* Doc. 1 at 2), by Order dated April 19, 2010, we directed service of the Petition on Respondents. (*See* Doc. 3.) Respondents were directed to answer the Petition within twenty-one (21) days, and Petitioner was given the opportunity to file a reply brief within fourteen (14) days of receipt of Respondents' filings. (*See id.*)

On May 6, 2010, a Response to the Petition was filed on behalf of Respondents by the Office of the District Attorney of Lackawanna County. (*See* Docs. 5, 6.) On June 2, 2010, approximately thirteen (13) days after his reply brief was due, Merring filed four (4) Motions with the Court requesting the following: **(1)** the correction of the record to show his updated address (Doc. 9); **(2)** an extension of time to file a reply brief (Doc. 8); **(3)** a hearing on the validity of reclassifying the Petition as one filed under the provisions of 28 U.S.C. § 2254 (Doc. 7); and **(4)** injunctive relief in the

form of an Order directing the administrators of the Lackawanna County House Arrest Program to allow him to leave house arrest in order to go to the Lackawanna County Courthouse Law Library, and directing Lackawanna County to provide him with transcripts of all of his "special visitations" to the Courthouse (Doc. 10).

By Memorandum and Order dated June 10, 2010, we denied as moot Merring's Motion requesting the correction of the record to reflect his residential address inasmuch as the docket already had been updated to reflect that address; we granted Merring's request for an extension of time until June 23, 2010 to file his reply; we denied Merring's request for a hearing on the issue of our classification of his Petition as one filed under the provisions of 28 U.S.C. § 2254; and we denied Merring's request for injunctive relief. (Doc. 13.)

Merring timely filed his Reply (Doc. 14) and various exhibits (Docs. 14-2 through 14-29) on June 23, 2010. Accordingly, the Petition is fully briefed and ripe for disposition.

**DISCUSSION**

At the outset, we observe that, a petition filed by a state prisoner for a writ of habeas corpus shall not be granted by the Court unless the individual is in custody pursuant to a judgment of a state court, and his custody violates the Constitution, or laws of the United States. *See* 28 U.S.C. § 2254(a). At the time of filing his Petition,

Merring was confined in the Lackawanna County Prison. Before his Petition became ripe for disposition, he was released on house arrest, and therefore remained under the supervision of the Lackawanna County Adult Probation/Parole Office ("LCAPP"). It appears from the fact that no results for Merring appear on the VINELink System that, as of the date of this Memorandum, he no longer is subject to house arrest. Even so, it is unknown whether he remains under the supervision of the LCAPP inasmuch as it appears from the Lackawanna County Court of Common Pleas docket that he still owes $325.00 in finds that were imposed by the sentencing judge in connection with the guilty finding as to the summary offenses. (*See Commonwealth v. Merring*, Docket No. CP-35-CR-0002721-2007, Page 19.[3]) To the extent that Merring remains under the supervision of the LCAPP, he still would satisfy the custody requirement of the federal habeas corpus statute. *See Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (citing *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004)).

However, even if Merring still is in custody for purposes of the habeas corpus statute, Respondents have asserted that the instant Petition was not timely filed. (*See* Doc. 5 ¶ 18; Doc. 6 at 3-4.) There is a one-year statute of limitations for federal habeas corpus petitions filed by a person in state custody. 28 U.S.C. § 2244(d)(1). This one-year period begins to run from "the date on which the judgment becomes

---

[3]*See supra* note 2.

final by the conclusion of direct review or the expiration of time for seeking such direct review." 28 U.S.C. § 2244(d)(1)(A); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000). However, the Third Circuit Court of Appeals has held that "[t]he statute of limitations for federal habeas petitions is subject to two exceptions: (1) statutory tolling during the time a 'properly filed' application for post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception." *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (citing *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)); *see also Schlueter v. Varner*, 384 F.3d 69, 75-76 (3d Cir. 2004).

In Pennsylvania, any petition filed under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq.* ("PCRA"), including a second or subsequent petition, must be filed within one (1) year from the date a judgment of sentence becomes final. 42 Pa. Cons. Stat. § 9545(b). A judgment becomes final either upon the conclusion of direct review or upon the expiration of the time for seeking direct review. 42 Pa. Cons. Stat. § 9545(b)(3).

As observed by Respondents, Merring was sentenced on September 17, 2008, and his court appointed counsel timely filed a direct appeal on October 15, 2008. However, on February 19, 2009, Merring's appeal was dismissed by the Pennsylvania Superior Court for failure to timely file a brief. (*See* Doc. 5-2 at 38, 2/19/09 Superior

Court Order.)  Therefore, his judgment of sentence became final thirty (30) days later, upon the expiration of time to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, or on March 23, 2009.[4]  *See* 42 Pa. Cons. Stat. § 9545(b)(3).

Respondents indicate that Merring never filed a PCRA petition, and a check of the docket in his criminal case in Lackawanna County confirms this fact.  (*See Commonwealth v. Merring*, Docket No. CP-35-CR-0002721-2007.[5])  Therefore, the statute of limitations for filing a federal habeas petition was not tolled by the filing of a PCRA petition, and Merring had one (1) year after his judgment of sentence became final on March 23, 2009, or until March 23, 2010, to file a petition requesting habeas relief with this Court.  As a result, absent equitable tolling, the instant petition, filed on March 24, 2010, is time-barred.[6]

---

[4]Thirty (30) days from February 19, 2009 was March 21, 2009.  However, March 21, 2009 was a Saturday, and therefore, the judgment of sentence became final on Monday, March 23, 2009. *See* Pa. R. Civ. P. 106(b).

[5]*See supra* note 2.

[6]Although Merring timely filed his prior petition in which he raised one (1) ground for relief on October 26, 2009, as noted *supra*, he notified the Court of his choice to withdraw that petition in a Notice of Election filed on March 24, 2010 and his new petition did not accompany his notice of election.  (*See Merring v. Donate*, Civil No. 4:09-CV-2070, Doc. 10.)  As a result, the action was closed on March 25, 2010.  (*See id.*, Docs. 11, 12.)

Even though the docket in this case shows that the instant Petition, in which Merring raises six (6) grounds for relief, was hand-delivered to the Clerk of Court on March 24, 2010, the same day that Merring filed his Notice of Election in his other case, the instant Petition was not docketed until March 25, 2010, and thus the Court did not receive notice of its filing through the CM/ECF System

(continued...)

The "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." *Jones,* 195 F.3d at 159 (citing *Miller v. New Jersey State Department of Corrections,* 145 F.3d 616 (3d Cir.1998)). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Third Circuit Court of Appeals instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) (citations omitted).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled

---

[6](...continued)
until March 26, 2010. Consequently, the Court was unaware of the existence of the instant Petition at the time it dismissed the first action on March 25, 2010.

a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). However, even where extraordinary circumstances exist, "[if] the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Merring does not address the timeliness of his Petition at all in his Reply, but instead provides an explanation of the principles that govern his existence followed by an extensive narrative of his version of the facts and procedural history relating to his criminal proceedings in the Lackawanna County Court of Common Pleas. (*See* Doc. 14.) Thus, we find no basis for the application of equitable tolling in this case.

Moreover, even if the instant Petition was timely, Merring failed to exhaust the six (6) grounds for relief he presents in the instant Petition, and these claims have been procedurally defaulted, thus barring our review of the issues here. As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); *Cone v. Bell*, - - - - U.S. - - - - , - - - - , 129 S. Ct. 1769, 1780 (2009); *Rose v. Lundy*, 455 U.S. 509, 515-20 (1982); *Toulson v.*

*Beyer*, 987 F.2d 984, 986 (3d Cir. 1993); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986).  The exhaustion requirement "is not a mere formality.  It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." *Gibson*, 805 F.2d at 138.

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004).  The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984).  It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. *Id.*  However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989).  The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir.

2000) (citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997)).

In the instant case, Merring's direct appeal was dismissed by the Pennsylvania Superior Court as a result of his failure to file a brief, and Merring never filed a PCRA petition. Accordingly, Merring clearly has not presented any of the issues he advances in the instant Petition through "one complete round of the appellate review process." *See O'Sullivan*, 526 U.S. at 844-45. Moreover, because state procedural rules would prevent him from asserting his claims in state court, his claims are procedurally defaulted.[7] *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). A federal court can reach the merits of procedurally defaulted claims only if the petitioner demonstrates either "cause and prejudice" in connection with the procedural default, or that a fundamental miscarriage of justice would result if his claim was not reviewed. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *Lines*, 208 F.3d at 166. Merring has not provided any argument in his Reply demonstrating either cause and prejudice or that a fundamental miscarriage of justice would result if his claims were not reviewed. (*See* Doc. 14.) Thus, even if the instant Petition were timely, the Court would dismiss the Petition for failure to exhaust state

---

[7]A PCRA petition must be filed within one (1) year of the date the judgment of sentence becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1). As discussed *supra*, Merring's judgment of sentence became final on March 23, 2009, and therefore, he had until March 23, 2010 to file a PCRA petition.

court remedies.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus will be dismissed as untimely. An appropriate Order shall issue on today's date.